IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SAUDI LOGISTICS AND TECHNICAL SUPPORT, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08-142C (Judge Firestone) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1, as well as those contained in the introductory paragraph are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. The allegations contained in paragraph 3 are characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by Basic Ordering Agreement DAAH01-96-G-0001 referenced in paragraph 4, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 4.

5. Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Admits that the United States Army Aviation Missile Command, Department of the Army ("AMCOM"), requested a proposal from plaintiff, Saudi Logistics and Technical Support ("SALTS"), to purchase generators; otherwise denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Admits the allegations contained in paragraph 7 to the extent supported by Basic Ordering Agreement DAAH01-96-G-0001 referenced in paragraph 4, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 7.

8. Admits the allegations contained in the first sentence of paragraph 8 to the extent supported by the proposal referenced in the first sentence of paragraph 8; otherwise denies the allegations contained in the first sentence of paragraph 8. Admits the allegations contained in the remainder of paragraph 8 to the extent supported by the October 11, 1996 letter referenced in paragraph 8, which is the best evidence of its contents; otherwise, denies the allegations contained in the remainder of paragraph 8.

9. Denies the allegations contained in the first and second sentences of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 9. Admits the allegations contained in the fourth, fifth, and sixth sentences of paragraph 9 to the extent supported by the October 11, 1996 letter referenced in paragraph 9, which is the best evidence of its contents; otherwise, denies the allegations contained in the fourth, fifth, and sixth sentences of paragraph 9.

10. The allegations contained in paragraph 10 constitute characterizations of plaintiff's case to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by Delivery Order No. 0001 and Basic Ordering

Agreement DAAH01-96-G-0001, which are the best evidence of their contents; otherwise the allegations are denied.

11. Admits the allegations contained in paragraph 11 to the extent supported by the December 25, 1996 letter referenced in paragraph 11, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in the first sentence of paragraph 12 to the extent supported by the December 25, 1996 letter referenced in the first sentence of paragraph 12, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 12. Admits the allegations contained in the second sentence of paragraph 12. The allegations contained in the third sentence of paragraph 12 constitute characterizations of plaintiff's case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

13. Admits the allegations contained in paragraph 13 to the extent supported by the December 25, 1996 letter referenced in paragraph 13, which is the best evidence of its contents; otherwise denies the allegations.

14. Admits.

15. Admits the allegations contained in paragraph 15 to the extent supported by the June 12, 1997 facsimile referenced in paragraph 15, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. The allegations contained in the first sentence of paragraph 17 are characterizations of plaintiff's case and conclusions of law, to which no response is required; to the extent that they

may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Denies the allegations contained in the first sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth. Admits that AMCOM contacted SALTS; the remainder of the allegations contained in the second sentence of paragraph 18 constitute characterizations of plaintiff's case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Admits the allegations contained in paragraph 20 to the extent supported by the September 10, 1997 Rough Order Of Magnitude proposal referenced in paragraph 20, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Admits.

22. Admits the allegations contained in paragraph 22 to the extent supported by the April 14, 1998 proposal referenced in paragraph 22, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the April 27, 1998 proposal referenced in paragraph 23, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the December 2, 1998 letter referenced in paragraph 24, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the December 16, 1998 proposal referenced in paragraph 25, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegation contained in paragraph 26 to the extent supported by the December 28, 1998 proposal referenced in paragraph 26, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the February 23, 1999 proposal referenced in paragraph 27, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in the first sentence of paragraph 28 to the extent supported by the April 10, 1999 proposal referenced in paragraph 28, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 28. The allegations contained in the second sentence of paragraph 28 are vague and unintelligible and, therefore, no answer is required; to the extent the second sentence of paragraph 28 is deemed to contain allegations of fact, they are denied. Admits the allegation contained in the third sentence of paragraph 28.

29. Admits the allegations contained in the first sentence of paragraph 29 to the extent supported by Delivery Order 0004 to contract DAAH01-96-G-0001 referenced in the first sentence of paragraph 29, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 29. The allegations contained in the second sentence of paragraph 29 constitute conclusions of law and plaintiff's characterization if its case, to which no response is required; to the extent the allegations contained in the second sentence of paragraph 29 may be deemed allegations of fact they are denied.

30. Denies the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Admits the allegations contained in paragraph 31 to the extent supported by the September 15, 1999 letter referenced in paragraph 31, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by the September 17, 1999 subcontract referenced in paragraph 32, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. The allegations contained in paragraph 33 constitute conclusions of law and plaintiff's characterization if its case, to which no response is required; to the extent the allegations contained in paragraph 33 may be deemed allegations of fact they are denied.

34. Admits the allegations contained in the first and second sentences of paragraph 34 to the extent supported by the September 28, 1999 letter referenced in paragraph 34, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 34. Admits that the Bundesamt for Wehrtechnik ("BWB") conducted an audit of Lechmororen and that the United States Government received a written audit report from BWB; otherwise denies the allegations contained in the third sentence of paragraph 34.

35. Admits the allegations contained in the first and second sentences of paragraph 35. Admits the allegations contained in the third and fourth sentences of paragraph 35 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 35.

36. Denies the allegations contained in the first sentence of paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations

contained in the second sentence of paragraph 36. Admits that the United States Government represented that the Lechmotoren Audit questioned 25 percent of the Lechmotoren proposal; otherwise denies the allegations contained in the third sentence of paragraph 36. Admits the allegations contained in the fourth sentence of paragraph 36 to the extent supported by the referenced contract adjustment, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 36. Denies the allegations contained in the fifth sentence of paragraph 36.

37. Admits the allegations contained in paragraph 37 to the extent supported by the definitized contract referenced in the paragraph, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 37.

38. Admits the allegations contained in paragraph 38 to the extent supported by contract DAA H01-96-G-001 and the delivery orders referenced in the paragraph, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 378

39. Admits the allegations contained in paragraph 39 to the extent supported by the February 29, 2000 Certificate of Currency Cost or Pricing Data referenced in the paragraph, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 39.

40. Admits the allegations contained in the first sentence of paragraph 40. Denies the allegations contained in the second sentence of paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41. Admits the allegations contained in the first sentence of paragraph 41. Denies the allegation contained in the second sentence of paragraph 41.

42. Denies the allegations contained in paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth.

43. Admits the allegations contained in paragraph 43 to the extent supported by the documents comprising Defense Contract Audit Agency ("DCAA") audit referenced in the paragraph, which are the best evidence of their contents; otherwise, denies the allegations.

44. Admits the allegations contained in the first, second, and third sentences of paragraph 44 to the extent supported by DCAA audit report no. 2191-2001S42000002 referenced in the paragraph, which is the best evidence of its contents; otherwise, denies the allegations contained in the first, second, and third sentence of paragraph 44. The allegations contained in the fourth sentence of paragraph 44 constitute conclusions of law and plaintiff's characterization if its case, to which no response is required; to the extent the allegations contained in the fourth sentence of paragraph 44 may be deemed allegations of fact they are denied.

45. Admits the allegations contained in paragraph 45 to the extent support by the April 14, 2003 letter referenced in the paragraph, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 45.

46. Admits the allegations contained in the first sentence of paragraph 46 to the extent support by the April 28, 2003 letter referenced in the first sentence of paragraph 46, which is the best evidence of its content; otherwise denies the allegations contained in the first sentence of paragraph 46. Denies the allegations contained in the second sentence of paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 46 to the extent supported by the June 4, 2003 letter referenced in the third sentence of paragraph 46, which is the best evidence of its content; otherwise denies the allegations contained in the third sentence of paragraph 46. Admits that the

Government did not provide the information plaintiff, SALTS requested in its June 4, 2003 letter to Charles Johnson; otherwise denies the allegations contained in the fourth sentence of paragraph 46.

47. Denies that SALTS received a letter from Tanya L. Davis on April 8, 2007 for lack of knowledge or information sufficient to form a belief as to their truth; admits the remaining allegations contained in paragraph 47 to the extent supported by the March 14, 2007 letter referenced in the paragraph; otherwise denies the remaining allegations contained in paragraph 47.

48. Admits the allegations contained in paragraph 48 to the extent supported by the referenced March 14, 2007 letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 48.

49. Admits the allegations contained in the first sentence of paragraph 49 to the extent support by the April 14, 2003 letter referenced in the paragraph, which is the best evidence of its content; otherwise denies the allegations contained in the first sentence of paragraph 49. Denies the allegations contained in the second sentence of paragraph 49.

50. Admits the allegations contained in the first sentence of paragraph 50 to the extent supported by SALTS' response to the March 14, 2007 letter referenced in the paragraph, which is the best evidence of its contents; otherwise denies. Denies the allegations contained in the second sentence of paragraph 50.

51. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 50 of plaintiff's complaint.

52. The allegations contained in paragraph 52 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

53. The allegations contained in paragraph 53 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

54. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 53 of plaintiff's complaint.

55. The allegations contained in paragraph 55 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

58. Admits that the Government issued its final decision asserting a claim against SALTS on March 14, 2007, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 58.

59. The allegations contained in paragraph 59 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

60. The allegations contained in paragraph 60 are plaintiff's request for relief, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; further denies that plaintiffs are entitled to the relief requested or to any relief whatsoever.

61. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 60 of plaintiff's complaint.

62. The allegations contained in the first, third, and fifth sentences of paragraph 62 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, the allegations contained in the first, third, and fifth sentences of paragraph 62 are denied. Admits the allegations contained in the second sentence of paragraph 62 to the extent supported by the contract referenced in the second sentence of paragraph 62, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 62**.** Admits the allegation contained in the fourth sentence of paragraph 62 that the DCAA conducted its exit conference with SALTS on April 25, 2002; otherwise denies the allegations contained in the fourth sentence of paragraph 62.

63. The allegations contained in the first and second sentences of paragraph 63 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, the allegations contained in the first and second sentences of paragraph 63 are denied. Admits the allegation contained in the third sentence of paragraph 63 to the extent supported by the referenced final decision, which is the best evidence of its contents; otherwise denies the allegation contained in the third sentence of paragraph 63.

64. The allegations contained in paragraph 64 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

65. The allegations contained in paragraph 65 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

66. The allegations contained in paragraph 66 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

67. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 66 of plaintiff's complaint.

68. The allegations contained in paragraph 68 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

69. The allegations contained in paragraph 69 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

70. Denies.

71. Admits the allegation contained in the first sentence of paragraph 71 to the extent supported by the audit of Lechmortoren referenced in the first sentence of paragraph 71, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 71. The allegations contained in the second and third sentences of paragraph 71 are characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

72. Denies.

73. The allegations contained in paragraph 73 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

74. The allegations contained in paragraph 74 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

75. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 74 of plaintiff's complaint.

76. The allegations contained in paragraph 76 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

77. The allegations contained in paragraph 77 are characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

78. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 77 of plaintiff's complaint.

79. Admits the allegations contained in the first sentence of paragraph 79. Denies the allegations contained in the second and third sentences of paragraph 79.

80. The allegations contained in the first and third sentence of paragraph 80 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, the allegations contained in the first and third sentences of paragraph 80 are denied. The allegation contained in the second sentence of paragraph 80 is a characterization of plaintiff's case, to which no response is required; to the extent that the second sentence of paragraph 80 may be deemed to contain allegations of fact, they are denied.

81. The allegations contained in paragraph 81 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

82. The allegations contained in paragraph 82 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

83. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 82, to include the relief requested in subparagraphs (a)-(g), or to any relief whatsoever.

84. Denies each and every allegation not previously admitted or otherwise qualified.

## DEFENDANT'S COUNTERCLAIM

1. This counterclaim arises out of the same subject matter as complained of by plaintiff in its complaint. Jurisdiction is provided by 28 U.S.C. §§ 1503 and 2508, and 41 U.S.C. § 609.

2. In 1995, defendant, the United States, acting through AMCOM entered into Basic Ordering Agreement DAAH01-96-G-0001.

3. On September 14, 1999, AMCOM issued an undefinitized contract action Delivery Order 0004 against Basic Ordering Agreement DAAH01-96-G-0001 to SALTS for fabrication, test, delivery, and integration of PATRIOT Air Defense System Prime Power Sets in Support of the Kingdom of Saudi Arabia, Royal Saudi Air Defense Forces.

4. DCAA completed Audit Report No. 2191-2001S42000002 on Delivery Order 0004 on September 19, 2002, concluding that it contained overstated contract costs resulting from SALTS' failure to disclose information in its Certificate of Current Cost or Pricing Data dated February 29, 2000.

5. On April 14, 2003, the AMCOM contracting officer sent a letter to SALTS requesting a price adjustment to the contract to cover the overstated subcontracting costs discovered in the audit.

6. On August 6 and August 25, 2003, SALTS responded to AMCOM's request for a pricing adjustment and provided its rebuttal to the recommendations in the audit report.

7. On March 14, 2007, AMCOM issued a demand letter/final decision holding SALTS liable for defective pricing and demanding payment of excess profits of $7,379,180 and interest due through March 31, 2007 in the amount of $3,126,896, for a total amount due of $10,506,076.

8. The March 14, 2007 demand letter/final decision also informed SALTS that interest charges will accrue "at the approximate rate of $1,536.56 per day, until paid."

9. The contracting officer's March 14, 2007 demand letter/final decision was lawfully issued and correct.

10. The sum of $10,506,076 was due and payable by SALTS to the United States on or before April 13, 2007.

11. SALTS failed and refused to pay that sum, or any portion thereof, to the United States on or before April 13, 2007.

12. SALTS failure to pay the sum of $10,506,076, plus interest, to the United States is continuing.

13. As a result of SALTS' breach of contract, SALTS is liable to the United States in the principal amount $10,506,076, plus interest.

WHEREFORE, defendant, the United States, respectfully requests that the Court dismiss the complaint of plaintiff, SALTS, and enter judgment for the United States and against SALTS upon this counterclaim in the amount of $10,506,076, plus interest, costs, attorney fees, and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

/s/ David S. Silverbrand
DAVID S. SILVERBRAND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-3278
Fax: (202) 353-7988
Attorneys for Defendant

OF COUNSEL:

PATRICK L. GARY
MAJ, JA
Office of the Judge Advocate General
United States Army

Dated: June 6, 2008

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on the 6th day of June, 2008, a copy of the foregoing **"DEFENDANT'S ANSWER AND COUNTERCLAIM"** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David Silverbrand