# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **SAUDI LOGISTICS AND TECHNICAL SUPPORT,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO. 1:08-CV-00142-NBF** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

## MOTION TO DISMISS FOR LACK OF JURISDICTION

Plaintiff, Saudi Logistics and Technical Support ("SALTS"), hereby moves this Honorable Court to dismiss this action for lack of subject matter jurisdiction pursuant to the provisions of Rule 12(b)(1) of the Rules of the Court of Federal Claims. In support of this motion, SALTS specifically relies upon, adopts, and incorporates by reference the allegations of its Complaint filed in this case and such other materials as may be properly before the Court for its consideration. SALTS also relies upon, adopts and incorporates its memorandum in support of SALTS' motion to dismiss for lack of jurisdiction to be filed subsequent to this motion (along with any exhibits or appendices thereto). As grounds for this motion, SALTS respectfully shows unto the Court the following:

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1491(a), and the action is brought pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601, *et seq.*

2. In 1995, the United States, acting through AMCOM, entered into Basic Ordering Agreement DAAH01-96-G-0001. In September of 1999, AMCOM issued an undefinitized Delivery Order 0004 against the referenced Basic Ordering Agreement.

3. On March 14, 2007, the Contracting Officer issued a letter which purports to embody the final decision of the Contracting Officer directing SALTS to make payment to the United States for what is characterized as defective pricing. The referenced letter provides no reason or basis for this conclusion or to support the demand for payment to the United States.

4. The AMCOM Contracting Officer failed to take the steps necessary under applicable statutes and regulations to render a valid final decision. Specifically, the Contracting Officer's final decision does not comply with 41 U.S.C. § 605(a) which mandates, in pertinent part, that: "[t]he final decision shall state the reasons for the decision reached." (Emphasis added).

5. FAR § 52.233-1(d)(1) states: "[a] claim by the Government against the Contractor shall be subject to a written decision by the Contracting Officer." The "written decision of the Contracting Officer" is defined in FAR § 33.211(a)(4), which requires that the written decision "…shall include (iii) statement of the factual areas of agreement and disagreement; (iv) statement of the contracting officer's decision, with supporting rationale. …"

6. FAR § 15.407-1 addresses "Defective cost or pricing data" (the stated basis upon which SALTS has been required to make payment to the Government), and specifically mandates, in pertinent part, the following:

> [t]he contracting officer shall prepare a memorandum documenting … the determination [of defective cost or pricing]…. A copy of the memorandum or other notice of the contracting officer's determination shall be provided to the contractor.

7. The Contracting Officer is obligated to strictly comply with the statutory and regulatory provisions implementing the statutes. The Contracting Officer's failure to do so makes his or her decision materially deficient and is not a decision as contemplated by Section 6(a) of the Contract Disputes Act, 41 U.S.C. § 605(a).

8. The Contracting Officer's failure to comply with the referenced requirements materially prejudiced SALTS.

9. Due to the deficiencies in the March 14, 2007 letter, the final decision of the Contracting Officer was invalid. A valid final decision by the Contracting Officer is a jurisdictional prerequisite to further legal action by the government on any claim by it purportedly arising therefrom or based thereon.

10. Since the action of the Contracting Officer did not constitute a valid final decision and cannot provide a basis for action by the government, this Court lacks jurisdiction and the Counterclaim of the United States must be dismissed and the matter returned to AMCOM for the Contracting Officer to take those steps necessary to proceed to a final decision should they choose to do so.

WHEREFORE, premises considered, SALTS respectfully requests that this Court enter an order dismissing this case for lack of subject matter jurisdiction, awarding its costs of suit, and such further and additional relief to which it may show itself to be justly entitled.

Respectfully submitted this the 26th day of June, 2008.

**s/ Roderic G. Steakley**
Roderic G. Steakley
Matthew B. Reeves
**Sirote & Permutt, P.C.**
305 Church Street Suite 800
Huntsville, Alabama 35801
(256) 536-1711 Telephone
(256) 518-3681 Facsimile
rsteakley@sirote.com
mreeves@sirote.com

**OF COUNSEL:**

**s/ Jerome S. Gabig, Jr.**
Jerome S. Gabig, Jr.
515 Sparkman Drive
Huntsville, Alabama 35816
(256) 509-0279 Telephone
(256) 704-6002 Facsimile
gabig3@comcast.net