**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SAUDI LOGISTICS AND TECHNICAL SUPPORT, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 1:08-CV-00142-NBF |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**ANSWER ASSERTING AFFIRMATIVE DEFENSES OF SAUDI LOGISTICS AND TECHNICAL SUPPORT TO COUNTERCLAIM**

Saudi Logistics and Technical Support ("SALTS") hereby asserts the following affirmative defenses to the Counterclaim of the United States. SALTS incorporates by reference the factual allegations contained in its Complaint into these affirmative defenses, and reasserts these factual allegations as if set forth fully herein.

**FIRST AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction.[1]

**SECOND AFFIRMATIVE DEFENSE**

The Counterclaim fails to state a claim against SALTS upon which relief can be granted. The Counterclaim fails to allege all of the elements of a claim upon which relief can be granted against SALTS.

**THIRD AFFIRMATIVE DEFENSE**

The Counterclaim is barred by the applicable statute of limitations.

[1] SALTS requests that the Court set a briefing schedule in this case so that the parties may fully brief the issue of whether or not this Court has subject matter jurisdiction. SALTS affirmatively moves this Court to dismiss the Counterclaim due to a lack of jurisdiction.

**FOURTH AFFIRMATIVE DEFENSE**

The Counterclaim is barred by laches and inequitable conduct of the United States resulting from its failure to proceed with reasonable diligence in connection with the assertion of the matters set forth in the Counterclaim.

**FIFTH AFFIRMATIVE DEFENSE**

SALTS did not fail to disclose information which it had a duty to disclose to the United States in connection with its negotiations with the government. The United States had at its disposal all material information which it claims SALTS failed to disclose, including information which was available concerning the exchange rates between U.S. Dollars and German DeutscheMarks at all times relevant to the Counterclaim.

**SIXTH AFFIRMATIVE DEFENSE**

SALTS does not owe the amounts claimed by the United States. SALTS is entitled to a setoff or post-judgment order to the amount claimed by the United States.

**SEVENTH AFFIRMATIVE DEFENSE**

All conditions precedent to any payment claimed by the United States to be owed by SALTS have not been performed or otherwise occurred.

**EIGHTH AFFIRMATIVE DEFENSE**

The United States has breached the operative agreement with SALTS and has caused damages to SALTS which offset claims asserted by the United States in the Counterclaim.

**NINTH AFFIRMATIVE DEFENSE**

SALTS alleges that each of the United States' claims is barred, in whole or in part, by the doctrine of estoppel.

**TENTH AFFIRMATIVE DEFENSE**

SALTS alleges that each of the United States' claims is barred, in whole or in part, by the doctrine of waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

SALTS alleges that the United States will be unjustly enriched if it is allowed to recover any part of the damages alleged in the complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

SALTS alleges that each of the United States claims is barred, in whole or in part, by the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

SALTS alleges that each of the United States' claims is barred, in whole or in part, by its failure to mitigate its alleged damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

SALTS is not guilty of the matters and things alleged in the complaint, and demands strict proof thereof.

**FIFTEENTH AFFIRMATIVE DEFENSE**

SALTS alleges that the injuries and damages complained of by the United States were not caused by any act or omission of SALTS for which SALTS may be held liable to the United States.

**SIXTEENTH AFFIRMATIVE DEFENSE**

SALTS alleges that each of the United States' claims is barred, in whole or in part, because the United States engaged in acts and/or courses of conduct which rendered it in pari delicto.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

SALTS alleges that each of the United States' claims is barred, in whole or in part, by the doctrines of consent and acquiescence.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

SALTS expressly reserves the right to make and plead further affirmative defenses and answers to the United States Counterclaim as and when the facts or merits so warrant which further affirmative defenses and answers are by this reference incorporated herein and made a part hereof.

**ANSWER**

Subject to the Court's ruling on jurisdictional issues and the affirmative defenses raised by SALTS, SALTS hereby admits, denies, and alleges as follows in response to the Counterclaim:

1. The allegations contained in paragraph 1 of the Counterclaim are conclusions of law to which no response is required. SALTS expressly denies that this Court has subject matter jurisdiction to hear the matters asserted in the Counterclaim.

2. SALTS admits the allegations contained in paragraph 2 to the extent supported by Basic Ordering Agreement DAAH 01-96-G-0001 referenced in paragraph 2, which is the best evidence of its contents. Otherwise, SALTS denies the allegations contained in paragraph 2.

3. SALTS admits the allegations contained in paragraph 3 to the extent supported by Delivery Order 0004 against Basic Ordering Agreement DAAH 01-96-G-0001 referenced in paragraph 3, which is the best evidence of its contents. Otherwise, SALTS denies the allegations contained in paragraph 3.

4. SALTS admits the allegations contained in paragraph 4 to the extent supported by Audit Report No. 2191-2001S42000002, which is the best evidence of its contents. Otherwise, SALTS denies the allegations contained in paragraph 4.

5. SALTS admits that the AMCOM Contracting Officer sent a letter to SALTS on or about April 14, 2003. SALTS denies that it overstated subcontracting costs or that it is liable to the United States on any such theory or claim. The letter in question is the best evidence of its contents. SALTS denies the allegations contained in paragraph 5 except as expressly admitted.

6. SALTS admits that it communicated with the government through letters dated August 6, 2003 and August 25, 2003 containing information addressing some of the matters raised in the above-referenced Audit Report. The referenced letters are the best evidence of their contents. Except as expressly admitted, the allegations of paragraph 6 are denied.

7. SALTS admits the allegations contained in paragraph 7 to the extent supported by the letter dated March 14, 2007 referenced in paragraph 7, which is the best evidence of its contents. Except as expressly admitted, the allegations contained in paragraph 7 are denied.

8. SALTS admits the allegations contained in paragraph 8 to the extent supported by the letter dated March 14, 2007 referenced in paragraph 8, which is the best evidence of its contents. Except as expressly admitted, the allegations contained in paragraph 8 are denied.

9. SALTS denies the allegations contained in paragraph 9.

10. SALTS denies the allegations contained in paragraph 10.

11. SALTS denies the allegations contained in paragraph 11.

12. SALTS denies the allegations contained in paragraph 12.

13. SALTS denies the allegations contained in paragraph 13.

14. SALTS denies that the United States is entitled to any of the relief which it seeks in the Counterclaim.

WHEREFORE, premises considered, SALTS respectfully requests that the Court dismiss the Counterclaim and enter judgment for SALTS against the United States in such amounts as may be established in a trial of this case, including interest, costs, attorneys' fees and such further and additional relief as to which SALTS may show itself to be justly entitled.

Respectfully submitted this the 26th day of June, 2008.

**s/ Roderic G. Steakley**
Roderic G. Steakley
Matthew B. Reeves
**Sirote & Permutt, P.C.**
305 Church Street Suite 800
Huntsville, Alabama 35801
(256) 536-1711 Telephone
(256) 518-3681 Facsimile
rsteakley@sirote.com
mreeves@sirote.com

**OF COUNSEL:**

**s/ Jerome S. Gabig, Jr.**
Jerome S. Gabig, Jr.
515 Sparkman Drive
Huntsville, Alabama 35816
(256) 509-0279 Telephone
(256) 704-6002 Facsimile
gabig3@comcast.net