# APPENDIX "4"

SALTS

المؤسسة السعودية للإمدادات والمساندة الفنية
Saudi Logistics and Technical Support

Ref: 1/-1/5-12/938
02 June 2007
(16/5/1428H)

Tanya L. Davis
Contracting Officer
AMSAM-AC-SM-P
AMCOM
5300 Martin Road
Redstone Arsenal, AL 35898-5000

Your March 14, 2007 letter (received on April 8, 2007)

Dear Ms. Davis:

SALTS received your March 14, 2007 letter on April 8, 2007. As set forth below, your March 14, 2007 letter contravenes the clear statutory and regulatory instructions for the content of a final decision. Because these requirements have not been met, your final decision is legally ineffective and does not trigger the start of the filing time for an appeal under the Contract Disputes Act ("CDA") of 1978. SALTS respectfully requests that you comply with your statutory and regulatory obligations by re-issuing your final decision stating the reasons for the decision.

***A. Your Attempted Final Decision Was Legally Insufficient To Trigger The Start Of The Filing Period For The CDA***

41 U.S.C. § 605(a) states:

> The contracting officer shall issue his decisions in writing, and shall mail or otherwise furnish a copy of the decision to the contractor. **The decision shall state the reasons for the decision reached,** and shall inform the contractor of his rights as provided in this chapter.

Id. (emphasis added).

The law is well-settled that, if a contracting officer does not comply with 41 U.S.C. § 605(a), the attempted final decision lacks legal effect and does not trigger the start of the filing time for an appeal. For example, in Imperator Carpet & Interiors, Inc. GSBCA No. 6156, 81-2 BCA ¶15,248, the GSBCA dismissed a claim for lack of jurisdiction when the contracting officer did not comply with 41 U.S.C. § 605(a):

> In this case, we must decide whether or not the contracting officer's letter of June 11, 1980 ... meets the four standards

المملكة العربية السعودية – س. ت ١٠١٠٠٧٢١١١ – ص. ب ٥٧٠٨٥ – الرياض ١١٥٧٤ – تلفون: ٤٦٥٠١٣٨ – فاكس: ٤٦٥٥٧١٢ – رقم العضوية: ٢٧٨٤٥
Kingdom of Saudi Arabia - C.R. 1010072111 - P.O.Box 57085 - Riyadh 11574 - Telephone: 465 0138 - Fax.: 465 5712
E-mail: info@salts.com.sa

> imposed by the Contract Disputes Act of 1978 for a contracting officer's decision. We decide that it does not. It was in writing and communicated to the contractor. (See finding 10, supra.) It did provide reasons for the decision reached. (Whether or not we might agree with those reasons is quite another issue, however.) But it did not inform the contractor of its right to obtain review by this Board or the United States Court of Claims. For that reason, it was not a decision as contemplated by Section 6(a) of the Act, 41 U.S.C. § 605(a) (Supp. II 1978)

Id. (emphasis added).

As explained in McKnight & Little Contracting Co. v. McGinnes Bros. Inc. (JV), ENGBCA No. 6055, 94-2 BCA ¶ 26647:

> However, in order to start the statutory time limitation running, there must be a Contracting Officer's decision (COD) which adequately meets the requirements of section 6 of the CDA, 41 U.S.C. § 605. This includes a decision in writing, with reasons for the action taken, which is mailed or otherwise furnished to the Contractor, and which adequately informs the Contractor of its rights under the CDA.

Id. (emphasis added).

In this instance, your letter of March 14, 2007 is legally ineffective because it failed to comply with the statutory requirement to state "the reasons for the decision reached." 41 U.S.C. § 605(a). Specifically, in a letter dated Aug. 6, 2003, SALTS provided your predecessor, Mr. Johnson, with seven assertions why the Government has no basis to allege that SALTS provided defective cost or pricing data. Additionally, on August 27, 2003 Mr. Johnson received a declaration from Colonel William Borchardt, USAF (Ret.) setting forth two explanations why the means SALTS that sought to protect itself from currency fluctuation was not cost or pricing data. To comply with your duty under 41 U.S.C. § 605(a), your letter of March 14, 2007 should have stated the reasons for rejecting the seven assertions in SALTS letter of August 6, 2003 and the two explanations in the Borchardt declaration.

***B. A Landmark Decision Of The Court Of Appeals For The Federal Circuit Is Insightful In Showing That Your March 14, 2007 Letter Was Legally Insufficient To Trigger The Start Of The Filing Period For The CDA***

A landmark decision of the Court of Appeals for the Federal Circuit is insight in showing why your failure to state the reasons for your final decision renders your decision legally ineffective. In Reflectone, Inc. v. Dalton, 60 F.3d 1572 (Fed. Cir. 1995), the Federal Circuit put an end to a long line of case law requiring there to be a dispute before a CDA claim could exist.[1] The explanation for reversing this long-standing precedent was that the CDA did not define claim. Because the FAR

[1] For example, in Instrument & Controls Serv. Co., ASBCA No. 38332, 89-3 BCA ¶ 22,237, the contracting officer issued a decision demanding payment of $144,300 for defective work. The contracting officer never sought to discuss the matter with the contractor before issuing the final decision. The ASBCA dismissed for lack of jurisdiction.

definition of claim does not require a dispute for a claim to exist, the Federal Circuit reversed the precedent that there had to be a dispute before a claim could exist:

> The CDA, however, does not define "claim." Because we conclude that FAR 33.201 (1988), which alone defines "claim" for purposes of the CDA, does not require a pre-existing dispute as to either amount or liability when, as here, a contractor submits a non-routine "written demand ... seeking, as a matter of right, the payment of money in a sum certain," FAR 33.201, we hold that Reflectone's REA was a CDA "claim" and, therefore, the Board has jurisdiction. Accordingly, we reverse the dismissal and remand for adjudication of Reflectone's appeal from the contracting officer's decision on its merits.

Reflectone, *supra.*

Just as the word "claim" is not defined in the CDA, so too the term "state the reasons for the decision reached" is not defined in the CDA. However, unlike the word "claim," there is ample definition in the FAR for the phrase "state the reasons for the decision reached."

*1. The FAR Defines "State The Reasons For The Decision Is Reached" To Include A Duty To Identify "Factual Areas Of Agreement And Disagreement"*

The contract contained the following clause: FAR § 52.233-1 Disputes. FAR § 52.233-1(d)(1) states: "[a] claim by the Government against the Contractor shall be subject to a written decision by the Contracting Officer." The "written decision of the Contracting Officer" is defined in FAR § 33.211(a)(4). Specifically, FAR § 33.211(a)(4) states your written decision "shall include ...(iii) Statement of the factual areas of agreement and disagreement."

Simply put, your final decision dated March 14, 2007 was legally insufficient under 41 U.S.C. § 605(a) because it did not state the factual areas of agreement and disagreement.

*2. The FAR Defines "State The Reasons For The Decision Is Reached" To Include A Duty To Provide "Supporting Rationale"*

The contract contained the following clause: FAR § 52.233-1 Disputes. FAR § 52.233-1(d)(1) states: "[a] claim by the Government against the Contractor shall be subject to a written decision by the Contracting Officer." The "written decision of the Contracting Officer" is defined in FAR § 33.211(a)(4). Specifically, FAR § 33.211(a)(4) states your written decision "shall include ...(iv) statement of the contracting officer's decision, with supporting rationale."

In short, your final decision was legally insufficient under 41 U.S.C. § 605(a) because it does not provide any supporting rationale.

*3. FAR § 15.407-1 Required You To Prepare A Memorandum Documenting Your Decision And To Provide A Copy Of The*

*Memorandum To SALTS. The Minimum Content Of The Memorandum Is Set Forth In FAR § 4.801*

The header for FAR § 15.407-1 is "Defective cost or pricing data." Paragraph (d) states: [t]he contracting officer shall prepare a memorandum documenting ... the determination. *** A copy of the memorandum or other notice of the contracting officer's determination shall be provided to the contractor." [Emphasis added.] Here you have violated FAR § 15.407-1(d) by not proving SALTS with a copy of your memorandum.

FAR § 4.801 identifies the minimum requirements for your memorandum:

(b) The documentation in the files (see 4.803) shall be sufficient to constitute a complete history of the transaction for the purpose of --
- (1) Providing a complete background as a basis for decisions at each step in the acquisition process:
- (2) Supporting actions taken;
- (3) Providing information for reviews and investigations, and
- (4) Furnishing essential facts in the event of litigation or congressional inquires.

Each of the four requirements of FAR § 4.801(b) is analyzed below:

(1) An important step in the process was SALTS letter of August 6, 2003 which made seven assertions why there was no defective pricing. Similarly, the Borchardt declaration provides two reasons why there was no defective pricing. The requirement for a "complete background" obligated you to explain why you rejected (1) each of the assertions in SALTS' letter of August 6, 2003 and (2) the two reasons in the Borchardt declaration.

(2) By not answering the seven assertions raised in SALTS letter of August 6, 2003 and the two reasons in the Borchardt declaration, you have not met the requirement of providing documentation "supporting actions taken."

(3) Your failure to address the SALTS letter of August 6, 2003 and the Borchardt declaration does not meet the requirement of providing information for reviews because (depending on where SALTS appeals your decision) you have not provided information for review by either the Army trial lawyers for the ASBCA nor the DOJ attorneys for the COFC.

(4) The seven explanations stated in SALTS letter of August 6, 2003 and the two reasons in the Borchardt declaration are factually based. By not investigating the facts as asserted in SALTS letter of August 6, 2003, you have not provided documentation "furnishing essential facts in the event of litigation."

For example, in the footnote on page 4 of SALTS letter of August 6, 2003, is an assertion of entitlement to an offset of $483,316.

- Is there factual agreement that the USG negotiator misrepresented that the Bundesamt[2] Report questioned 25% of the proposed costs? [Reference: FAR § 33.211(a)(4)(iii).]
- What is your supporting rationale for rejecting an offset? [Reference: FAR § 33.211(a)(4)(iii).]
- Is your file documented with a copy of the Bumdesamt report? [Reference: FAR § 4.801(b).]

In summary, the CDA required your final decision to "state the reasons for the decision reached." FAR § 33.211(a)(4), in implementing the CDA, makes clear that this statutory prerequisite for a final decision must include supporting rationale as well as an explanation of where the parties factually agree and disagree. Moreover, you were required by FAR § 15.407-1 to provide SALTS with a memorandum documenting your rejecting the seven assertions in SALTS letter of Aug. 6 2003 and the two reasons stated by Colonel Borchardt. Because you have not properly stated the reasons on which your final decision was reached, your final decision is legally ineffective and does not trigger the start of the filing time for an appeal under the Contract Disputes Act of 1978.

***C. The Use Of Statutory Interpretation Similarly Leads To A Conclusion That The Term "State The Reasons For The Decision Reached" Means That You Were Obligated To Address The Seven Assertions Raised By SALTS***

According to the Court of Appeals for the Federal Circuit:

> When called upon to interpret a statute, our duty is "to find that interpretation which can most fairly be said to be imbedded in the statute, in the sense of being most harmonious with its scheme and with the general purposes that Congress manifested." *NLRB v. Lion Oil Co.*, 352 U.S. 282, 297, 77 S.Ct. 330, 338, 1 L.Ed.2d 331 (1957).

Ingalls Shipbuilding Inc. v. Dalton, 119 F.3d 972, 996-7 (Fed. Cir. 1997). Here, concerning the Contract Disputes Act of 1978, the general purpose that Congress manifested was to allow vendors such as SALTS "to the fullest extent practicable, informal, expeditious, and inexpensive resolution of disputes." 41 U.S.C. § 607(e).

Simply put, by not informing SALTS of your rationale for rejecting SALTS seven assertions, you deprived SALTS of its right to "an informal, expeditious, and inexpensive resolution" of this dispute. How is SALTS to know if there is a reasonable basis for your rejection of its seven assertions unless you state the reasons for your decision? Without you informing SALTS of where the parties factually agree and disagree, how can SALTS make an informed decision whether an appeal is warranted?

---

[2] In Germany, the Bundesamt manages "the contractual relationship with industry." A Comparison Of The Acquisition System of France, Great Britain, Germany, and the United States (DSMC 1999) at p.2-15. Here, the Bundesamt performed the audit of SALTS' subcontract, Lechmotoren, at the request of DCAA.

Because of your failure to comply with 41 U.S.C. § 605(a), SALTS must appeal your decision and serve interrogatories on SALTS before SALTS can learn whether you have a valid basis for your final decision. There is significant delay, expense, and inconvenience to SALTS to have to appeal your decision and prepare interrogatories. Hence, your failure to comply with 41 U.S.C. § 605(a) is contrary to a principal purpose for the CDA—providing the vendor with an "informal, expeditious, and inexpensive resolution" of the dispute.

***D. Your Duty To "State The Reasons For The Decision Reached" Cannot Be Ignored Under The Guise Of Contracting Officer Discretion***

As a norm, "[throughout the procurement process, contracting officers are entitled to exercise discretion upon a broad range of issues confronting them." OTI America, Inc. v. U.S. 68 Fed.Cl. 646 (2005). However, a contracting officer's discretion does not extend to violating the FAR:

> The procurement regulations also have the force of law. Paul v. United States, 371 U.S. 245, 255, 83 S.Ct. 426, 9 L.Ed.2d 292 (1963). When a prima facie showing of the violation of those regulations has been made the agency may not be heard to say that the matter in question has been left to its discretion.

Scanwell Laboratories, Inc. v. Shaffer, 424 F.2d 859, 874 (C.A.D.C. 1970).

Consistent with the famous Scanwell decision, SALTS has made a *prima facie* showing that your final decision violated FAR § 33.211(a)(4) and FAR § 15.407-1. Accordingly, you cannot credibly argue the duty to "state the reasons for the decision reached" has been left to your discretion.

For reasons stated above, SALTS respectfully requests that you comply with your statutory and regulatory obligations by re-issuing your decision stating the reasons for the decision.

Sincerely,

**Fahd Al-Hamdan**
FMS Program Manager