IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SAUDI LOGISTICS AND TECHNICAL SUPPORT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 08-142C<br>(Judge Firestone) |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims, the parties submit the following Joint Preliminary Status Report in response to the questions set forth in paragraph III(4) of Appendix A.

a. Jurisdiction:

Plaintiff has filed a motion to dismiss for lack jurisdiction setting forth in detail its position that defendant's counterclaim should be dismissed for lack of subject matter jurisdiction pursuant to the provisions of Rule 12(b)(1) of the Rules of the Court of Federal Claims. Plaintiff respectfully requests that the Court refer to that motion and the supporting memoranda which have been filed by plaintiff for a full statement of its position in this regard. In summary, plaintiff contends that the Contracting Officer failed to take steps necessary under applicable statutes and regulations to render a valid final decision, and that the Contracting Officer's failure to do so renders the decision materially deficient, failing to constitute a decision as contemplated by Section 6(a) of the Contract Disputes Act, 41 U.S.C. § 605(a). Plaintiff contends that, since a valid decision by the Contracting Officer is a jurisdictional prerequisite to further legal action by the Government on any claim by it purportedly arising therefrom or based thereon, the Court

lacks jurisdiction and the counterclaim of the United States must be dismissed and the matter returned to AMCOM for the Contracting Officer to take those steps necessary to proceed to a final decision should they choose to do so.

Defendant is currently unaware of any reason why the Court would lack jurisdiction to entertain the complaint or the counterclaim.

b. Consolidation:

The parties are unaware of any other case that should be consolidated with this action.

c. Bifurcation:

Plaintiff believes that the trial of liability and quantum should be bifurcated. Defendant does not believe that the trial of liability and quantum should be bifurcated.

d. Deferral:

The parties know of no reason to defer proceedings in this case pending consideration of any other case presently before the Court.

e. Remand/Suspension:

No party seeks suspension. See paragraph g below concerning remand.

f. Joinder:

At this time, the parties do not believe any other party will need to be joined.

g. Dispositive Motions:

Plaintiff has filed a motion to dismiss defendant's counterclaim for lack of subject matter jurisdiction. In its motion, plaintiff alleges that the Contracting Officer did not issue a valid final decision and seeks an order dismissing the counterclaim and remanding this matter to the Contracting Officer.

Defendant has filed a motion for an enlargement of time until August 18, 2008, to file its response to plaintiff's motion.

h. Relevant Issues:

l. Whether the Contracting Officer's letter of March 14, 2007 failed to comply with the requirements for a Contracting Officer's final decision, depriving the Court of jurisdiction.

2. Whether the Government's demand for $10,506,076, plus interest, is barred by the statute of limitations.

3. Whether the Government's claim is barred by laches and inequitable conduct of the United States.

4. Whether the United States has breached the operative agreement with Saudi Logistics and Technical Support ("SALTS") and has caused damages to SALTS which offset claims asserted by the United States in the Counterclaim.

5. Whether the Government's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, consent and acquiescence and/or unjust enrichment.

6. Whether SALTS failed to provide the Contracting Officer with accurate, complete and current cost and pricing data.

7. Whether the Government breached its duty of good faith and fair dealing causing damages to SALTS.

8. Whether any of the other affirmative claims or defenses asserted by SALTS have merit.

9. Whether SALTS is liable to the United States for $10,506,076, plus interest, for breach of contract.

i. Settlement:

Because the parties do not believe settlement discussions will be fruitful prior to the disposition of the dispositive motion filed by plaintiff, we have deferred the discussion of settlement possibility pending the resolution of the jurisdictional issues now before the Court.

j. Trial:

Until the jurisdictional issue is resolved, the parties are unable to form definitive responses to the likelihood of trial or how the case should proceed in that regard.

k. Electronic Case Management:

The parties are aware of the Court's electronic case management procedures and will comply with them. In addition, the parties will cooperate with regard to the use of electronic document management techniques where possible.

l. Other Information:

At this time, the Parties are not aware of any other information that they believe should be brought to the attention of the Court.

**Discovery:**

The parties request that the Court defer issuing a discovery schedule pending the outcome of plaintiff's motion to dismiss the counterclaim. The parties do not believe discovery would be helpful in bringing this matter to resolution at this time. Further, the parties request the Court to suspend the parties' obligations to provide initial disclosures pursuant to Rule 26(a)(1) until 21 days following the Court's disposition of the pending jurisdiction motion.

Respectfully submitted,

/s/ Roderic G. Steakley

RODERIC G. STEAKLEY
MATTHEW B. REEVES
Sirote & Permutt, P.C.
305 Church Street, Suite 800
P.O. Box 18248
Huntsville, AL 35804-8248
(256) 536-1711 Telephone
(256) 518-3681 Facsimile

**OF COUNSEL:**
Jerome S. Gabig, Jr.
515 Sparkman Drive
Huntsville, Alabama 35816
(256) 509-0279 Telephone
(256) 704-6002 Facsimile

Dated: July 28, 2008

Attorneys for Plaintiff

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Martin F. Hockey, Jr.

MARTIN F. HOCKEY, JR.
Assistant Director

/s/ David S. Silverbrand

DAVID S. SILVERBRAND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-3278
Fax: (202) 353-7988

Dated: July 28, 2008

Attorneys for Defendant